HARGRAVE v. STATE et al. (No. 3545.)

Court of Civil Appeals of Texas. Texarkana. Oct. 26, 1928.

Rehearing Denied Nov. 15, 1928.

LEVY, J. (after stating the facts as above). It is believed that there was no error in sustaining the special demurrers to the cross-action. The fact, if it was a fact, that the property of plaintiff in error, situated within the boundaries of the levee district, may have been damaged by the manner of constructing the levee improvements, or damaged on account of not constructing the improvements in accordance with the adopted plan, would not ordinarily be a defense to a suit for enforcement of the tax lien. 2 Cooley on Taxation, p. 1280; 26 R. C. L. § 337, p. 378; 37 Cyc. 1162. And treating the cross-action as a distinct cause of action for damages, there was no error in this case especially in dismissing it, since such action was barred by limitation.

The validity of the Act of 1915 (Acts 34th Leg., c. 146) and the method of assessing and collecting taxes thereunder although not assailed in this appeal, have been expressly determined by the courts, and it is unnecessary to again discuss the same. Rutledge v. State (Tex. Sup.) 7 S.W.(2d) 1071.

The question of limitation, in bar of the taxes, however, has seemingly been determined in accordance with the plaintiff in error's contention, Rutledge v. State (Tex. Com. App.) 292 S. W. 164; and the Supreme Court has approved the holding in that case, Rutledge v. State, 7 S.W.(2d) 1071. The taxes for 1921, 1922, and 1923 were barred, but the taxes for 1924, becoming due on the 1st of February, 1925, were not barred at the time suit was filed December 30, 1925.

The judgment is modified in so far as to deny recovery for the taxes, penalty, and interest, and the foreclosure of tax lien therefor, for the years 1921, 1922, and 1923; otherwise the judgment is in all things affirmed. The plaintiff in error to recover costs of appeal.

### On Rehearing.

In the original opinion appear inaccuracies of statement of plaintiff in error's cross-action, complained of by him. A ground of recovery was not pleaded to be "that there was failure to fully complete the construction of the levee improvements," nor "on account of constructing the improvements somewhat differently from the adopted plan." The cross-action sought compensation by way of damages for injury to plaintiff in error's "Hopkins county land," located across the Sulphur river from the levee district, in consequence of alleged undue and unnatural overflow of waters which was the immediate result of the following, among other causes, viz.:

"In the engineering and construction of this district levee improvement the waters of Brush Creek were diverted from its natural channel by means of the district levee crossing same directly and at right angles with such creek to the south and to Sulphur River for a distance of two miles from such channel, and such levee ex-

R. D. Allen, of Sulphur Springs, for plaintiff in error.

C. C. McKinney and Ben D. Clower, both of Cooper, Goree, ODell & Allen, of Ft. Worth, and Joel H. Berry, of Houston, for defendants in error.

tending two miles north of such creek channel to the foot-hills."

The only ruling applicable to the cross-action is that there was no error in holding it barred by the statute of limitations.